**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

UNITED STATES OF AMERICA                                     RESPONDENT

v.                                    Criminal No.    4:10-cr-40001-2
                                      Civil No.       4:16-cv-4056
PATRICIA HENDRIX                                              MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Patricia Hendrix ("Hendrix") who is proceeding *pro se*. On June 30, 2016, Hendrix filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 52. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 57. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the Response and based upon that review, recommends this Motion be **DENIED**.

1.    **Procedural Background**:[1]

Hendrix was named in a one count indictment for aiding and abetting in kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1 & 2). (ECF No. 9). On February 23, 2010, Hendrix appeared with counsel and entered a plea of not guilty as to this count. ECF No. 12.

On July 26, 2010, Hendrix pled guilty to the one count Indictment of aiding and abetting in kidnaping. ECF No. 36. The plea of guilty was pursuant to a written Plea Agreement entered into between the parties. ECF No. 37. In the Plea Agreement, Hendrix waived any right to appeal or to collaterally attack her conviction and sentence. *Id.* United States District Judge Harry F. Barnes

---

[1]The procedural background is taken from the Motion and Response as well as the Court's docket in this matter.

accepted her plea of guilty and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG).  ECF No. 36.

On January 28, 2011, the United States Probation Office filed Hendrix's PSR.  ECF No. 47. The Government and Hendrix both raised clarifications and objections to the PSR regarding Hendrix's classification as a career offender in the PSR.  *Id.*  The PSR was revised and the career offender classification was removed.  *Id.*  The PSR assessed a base offense level of 32.  ECF No. 47, Pg. 4-5.  The PSR also recommended enhancements totaling two points.  *Id.*  Hendrix received three-levels off for acceptance of responsibility, giving her a  total offense level of 31.  *Id.*  Hendrix had a criminal history score of 17 which placed her in category VI.  ECF No. 47, Pg. 13.  Hendrix's guideline range was 188 months to 235 months.    ECF No. 47, Pg. 17.

On January 31, 2011, Hendrix was sentenced to 188 months imprisonment, three years supervised release, $100.00 special assessment, and restitution of $2,944.00.  ECF No. 48.  Hendrix did not appeal her conviction.  On February 22, 2016, the District Court entered an Amended Judgment with a sentence of 152 months and five days of imprisonment, three years supervised release, $100.00 special assessment, and restitution of $2,944.00.  ECF No. 50.

On June 30, 2016, Hendrix filed this § 2255 motion and requests this Court to Vacate, Set Aside, or Correct Sentence based on *Johnson v. United States,* 135 S. Ct. 2551 (2015).  ECF No. 52.[2] Hendrix raised fourteen grounds relief pursuant in her § 2255 motion.  All fourteen claims are based on the *Johnson* decision.  On June 30, 2016, the Federal Defender was appointed to represent Hendrix with respect to any claim in the pending Motion to Vacate under 28 U.S.C. § 2255 based upon her *Johnson* claims.  ECF No. 53.  On July 29, 2016, Mr. Eddy filed a Motion to Withdraw as

---

[2]The Government acknowledges Hendrix's § 2255 motion is timely filed.  ECF no. 57, fn1.

attorney and indicated that after reviewing her case, *Johnson* did not entitle Hendrix to relief.  ECF No. 55.  On August 9, 2016, an Order was entered granting the Motion to Withdraw.  ECF No. 56.

On October 7, 2016, the Government responded to this Motion.  ECF No. 57.  In this response, the Government claims that *Johnson* affords Hendrix no relief.  *Id.*  This Motion is now ripe for consideration.

**2.    Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.    Discussion:**

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Johnson* had held the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),  violated due process and was unconstitutionally vague.  On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court announced that *Johnson* was a new substantive rule of constitutional law entitled to retroactive application in initial collateral attacks on ACCA enhanced sentences under 28 U.S.C. § 2255(a).  Accordingly, a defendant sentenced under the ACCA enhanced sentence provision had one-year from June 26, 2015, the date of the *Johnson* decision, in which to file any motion to vacate pursuant to § 2255.

In this matter, the decision in *Johnson* has no bearing on this case.  Hendrix asserts that her sentence was increased by a "crime of violence" and specifically cites errors pursuant to the ACCA, 18 U.S.C. § 16, 18 U.S.C. § 924(c), and the career offender provision under USSG § 4B1.2.  The record shows Hendrix was not sentenced as an armed career criminal under the statutes or as a career

offender under the USSG. Her sentencing did not involve application of any other definition of "crime of violence" or "violent felony." Further, as noted above, although, Hendrix's initial PSR classified her as a career offender, this enhancement was specifically removed after objections from both parties. ECF No. 47, Pg. 19.

Finally, I note Hendrix's original sentence was 188 months, the lower end of the USSG range of 188-235 months imprisonment. ECF No. 48. Five years later, this sentence was reduced to 152 months, resulting in Hendrix being sentenced below the USSG recommended range of imprisonment. ECF No. 50.

**4.    Evidentiary Hearing**:

Based on the record in this case, I conclude an evidentiary hearing is not required in this matter. Hendrix is clearly not entitled to the relief she seeks.[3] Further, I find Hendrix has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 52) be **DENIED** and dismissed with prejudice. I also recommend any request of a certificate of appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[3]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **18th day of September 2017.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE